QUESTION reserved by the Superior Court for New Castle county for hearing before all the judges. [Ante., p. 315.] The case was heard at June term, 1851, before the full court; and was argued by Bradford, for plaintiff, and J. A. Bayard, for defendant.
The declaration was upon a promissory note, made by James E. Hamilton, on the 30th of July, 1847, for $290 65, payable at the Bank of Delaware, to the order of John S. Walter, thirty days after date. There was a trial and verdict for plaintiff for $347 31; but on the trial the plaintiff having closed his case, without having proved any demand of payment from the drawer, at the Bank of Delaware; or any excuse for not making such demand, the defendant moved a nonsuit, upon which motion the court reserved the following question: — "Whether in an action by the holder against the maker of a promissory note, payable thirty days after date, at a particular place, in the body of said note, it is incumbent on the plaintiff, in order to enable him to recover in such action, to aver in his declaration, and prove, a demand of payment at the particular place specified in the note." Verdict subject. *Page 330 
 Mr. Bayard. — The contract of the parties is to pay at a given place on demand; not otherwise. This is conceded in the case of an indorser. The reason given in the latter case proves there is no distinction; it is, that if the note be not promptly presented, the indorser may be injured by want of notice of default. But this reason extends only to the time, not the place, of presentment.
The condition of the contract is, that if the holder will send the note to the place of payment, at or after the time of payment, the drawer will pay it. (Story on Bills, 449, note.) The maker has a right, if he chooses, to stipulate for place, as well as time, yet who would say that on a note payable sixty days after date, the holder could sue thirty days after date. The place where the drawer agrees to have his funds at a certain day, may be as important to him as the time of payment; and it is a question not of convenience or inconvenience, but of contract.
The case of bonds is different. The penalty of the bond is the legal liability; the condition is matter of excuse or of defence. The indebtedness arises in the one case from the making of the bond, in the other the legal liability arises only on presenting the note, at or after the time, and at the place of payment. Thus a bond for $1,000, conditioned to be void on doing a certain act, at a certain place, creates an obligation without reference to the act; but a note for $1,000, payable at a certain place creates no liability, until the note is presented at the place. (6 Com. Law Rep., 95; 7 Ib., 84.) The decision of the Superior Court, in Allen vs. Smith, in New York, and in the Supreme Court of the United States, following the New York cases, are contra; but they are against the English decisions; are contrary to principle, and of no obligation on this court. One of the cases says that the decisions in England have been conflicting; but this is not so, on this point. In Rowe vs. Young, (6 Com. Law Rep., 53,) Lord Elbon reasons out the case on principle, in an unanswerable way. (14 East., 500, Saunderson vs. Bowes; 21 Com. Law Rep., 271; 1 Eng. Com. Law Rep., 8; Ib., 128.)
Mr. Bradford, for plaintiff. — The question is well settled by authority, and not in conflict with established principles. The question was not without much conflict in England; many of the highest names and the ablest judges there considered that on principle the point ought to be ruled, as it is now fully decided in the United States. (2 Camp.N. P. Rep., 498; Ibid, 423; 3 Esp. Ca., 246; *Page 331 
13 East. Rep., 459.) Saunderson vs. Bowes, which is contra, was based on a distinction between bills and notes, which is since exploded. (2Burr. Rep., 669.)
But even if it be a qualified contract, it does not follow that the presentment at the place must be averred in the declaration and proved. It is matter of defence. Eight of the twelve judges so decided, even in the case so much relied on for defendant. (6 Com. Law Rep., 62, 68, 71, 76, 87.) But Mr. Bayard inquires, if the place be not a part of the contract of the drawer, why is the indorser discharged for non-payment? Because there is a want of diligence, as required by the law merchant. The indorsement is a new contract, and as to the indorser, it is a qualified or conditional contract. The result of the matter upon the English authorities is, that upon a narrow and vexed question, upon which the ablest judges divided, they perhaps finally settled down in favor of the position of the other side; but that decision was immediately qualified there by act of Parliament. (2 Geo. 4, chap. 78.) And it is fully settled the other way in this country. (17 Johns. Rep., 248; 4 Ib., 183; 8 Cowen Rep., 271; 8 Mass. Rep., 480; 1 Gill Johns., 175; 4 Halstead, 189; 1 Yerger Rep., 502; 2 Ibid, 81; 4 Harr. Rep., 234,Allen vs. Smith; 17 Mass. Rep., 389; 3 Wend. Rep., 1; 11 Wheat. Rep., 171; 13 Peters' Rep., cited in Story on Bills, 449, n.; 2 Leigh Rep., 522.) I do not contend that the decisions of the courts in other States, or even of the Supreme Court of the United States, on a question of this kind, are of binding authority with this court. But as the judgment of wise judges, reasoning on principle, on a great commercial question, the settlement of which some way is important; these decision will have great weight. Uniformity of decision in the United States is also desirable.
Mr. Bayard, in reply. — This case is brought up for the very purpose of settling the law in this State. I repeat that there has been no conflict in the decisions of the English courts on this question, though several judges have loosely said so. I exclude the nisi prius opinions of judges, many of them overruled by themselves, as in the case of Lord Ellenboro.
On principle, therefore, it is fully settled in England, that on a note made payable at a certain place, demand must be made at that place to charge even the maker. As to him, I agree the demand need not be made on the day of payment; a demand on any subsequent day, at the place, will be sufficient. I admit that the weight *Page 332 
of authority on the decisions in this country, is against me. But these are not uniform. They are not binding on us; and they are against principle. 1. Not uniform. (17 Johns. Rep., 274, Vanness' opinion; StoryProm. Notes, 276, n. 1.) 2. Not binding; and if wrong, not to be followed. 3. Against principle. The contract is to pay money at or after the time fixed, provided payment is demanded at the place agreed on. There is no right of action, until such a demand is made; the money is not due otherwise.
If A. gives a note payable in California, on what principle is he bound to have his money here, at the day of payment; and if he is liable without a demand there, he is bound to have the money every where to meet suits. The very damage arising from exchange shows that it cannot be just to hold the maker liable, otherwise than on his contract.
"Judgment. — And now, to wit: this fourth day of June, 1852, after due consideration, it is the opinion of this court, that in an action by the holder, against the maker of a promissory note, or the acceptor of a bill of exchange, made payable at a particular time and place mentioned in the body of the note or bill, it is not incumbent on the plaintiff to enable him to maintain such action, to aver in the declaration or prove on the trial, that a demand of payment was made at the time or place specified in the note or bill; but that if the maker or acceptor was at the place, at the time designated, and was ready and offered to pay the money, it is matter of defence to be pleaded and proved on his part." *Page 333